**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178 )
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com

*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON C. WALTON,<br><br>Plaintiff,<br><br>v.<br><br>SPRUCE FINANCE INC.,<br><br>Defendant. | Case No. 5:19-cv-00775<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES, SHANNON C. WALTON, through counsel, WAJDA LAW GROUP, APC, complaining of SPRUCE FINANCE INC., as follows:

## NATURE OF THE ACTION

1.     This action arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

1

4.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.     SHANNON WALTON ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this judicial district.

6.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7.     Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

8.     SPRUCE FINANCE INC. ("Spruce") provides consumer financing to purchase residential solar systems, water conservation upgrades, and energy efficiency home improvements. It offers a suite of residential solar finance products, including solar leases, loans, power purchase agreements, and PACE products, as well as financing for complementary or stand-alone water-saving and energy efficiency home improvements that helps customers reduce their utility bill spent on power, water, and heating and cooling. The company serves homeowners and businesses in the United States. The company offers its solutions through a network of contractor and channel partners, including companies that sell and install solar PV systems, general contractors, roofers, insulation and HVAC experts, and equipment manufacturers. Spruce Finance Inc. was formerly known as Kilowatt Financial, LLC. As a result of acquisition of Clean Power Finance, Inc. by Kilowatt Financial, LLC, Kilowatt Financial, LLC's name was changed. The company was founded in 2011 and is based in San Francisco, California with additional offices in Anaheim, Des Moines, Houston, Minneapolis, and New York.

9.     Spruce is a "person" as defined by 47 U.S.C. § 153(39).

10.    Spruce is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**FACTUAL ALLEGATIONS**

11.    At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone numbers ending in 0832.

2

12.     At all times relevant, Plaintiff's numbers ending in 0832 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13.     At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

14.     Plaintiff obtaining financing from Kilowatt Financial LLC to make Plaintiff's home more energy efficient.

15.     In December 2015, Clean Power Finance, Inc. and Kilowatt Financial LLC merged and are now Spruce.

16.     Plaintiff defaulted on payments to Spruce – ultimately resulting in an $146.82 balance.

17.     Plaintiff's $146.82 balance owed Spruce is a "debt" as defined by Cal. Civ. Code § 1788.2(d).

18.     Plaintiff's $146.82 balance owed Spruce is a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f).

19.     In February 2019, Plaintiff started to receive phone calls from Spruce seeking to collect on Plaintiff's past due balance.

20.     On multiple occasions, Plaintiff answered.   Each time, Plaintiff experienced distinctive noticeable pause prior to being connected to Spruce's representative.

21.     On March 20, 2019, March 29, 2019 and April 8, 2019, Plaintiff demanded that Spruce stop calling.

22.     Despite Plaintiff's demands, Plaintiff continues to receive collection phone calls from Spruce.

23.     In total, Spruce placed or caused others to place no less than eleven (11) unconsented-to phone calls to Plaintiff's cellular telephone including, but not limited to on:

3

- March 12, 2019 at 12:21 PM
- March 16, 2019 at 10:21 AM
- March 18, 2019 at 11:58 AM
- March 19, 2019 at 10:09 AM
- March 19, 2019 at 8:36 PM
- March 20, 2019 at 11:48 AM
- March 25, 2019 at 2:10 PM
- March 26, 2019 at 1:08 PM
- March 29, 2019 at 11:14 PM
- April 2, 2019 at 1:39 PM
- April 8, 2019 at 11:16 PM

24.     Spruce's unconsented-to phone calls resulted in aggravation that accompanies unsolicited telephone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

24.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

25.     Spruce placed or caused to be placed no less than eleven (11) non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

26.     Upon information and belief, based on the "clear pause" Plaintiff experienced, Spruce employed an ATDS to place calls to Plaintiff's cellular telephone.

4

27.     Upon information and belief, the ATDS employed by Spruce transfers the call to a live representative once a human voice is detected, hence the clear pause.

28.     Upon information and belief, the ATDS employed by Spruce has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

29.     Upon information and belief, Spruce acted through its agents, employees, and/or representatives at all times relevant.

30.     As a result of Spruce violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

31.     As a result of Spruce's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Spruce violated 47 U.S.C. § 227 *et seq.*;

B.     an award of statutory damages of at least $500.00 for each and every violation;

C.     an award of treble damages of up to $1,500.00 for each and every violation; and

an award of such other relief as this Court deems just and proper.

## COUNT II:
### Rosenthal Fair Debt Collection Practices Act (Cal. Civ. Code § 1788 *et seq.*)

32.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Cal. Civ. Code § 1788.11

33.     California Civil Code § 1788.11 provides:

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

5

(d)     Causing a telephone to ring repeatedly or continuously to annoy the person called; or

(e)     Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debt under the circumstances.

Cal. Civ. Code §§ 1788.11(d) and (e).

34.     Spruce violated Cal. Civ. Code §§ 1788.11(d) and (e) by calling Plaintiff's cellular telephone on no less than eleven (11) occasions despite Plaintiff's multiple demands that they stop.

35.     Plaintiff may enforce the provisions of Cal. Civ. Code §§ 1788.11(d) and (e) pursuant to Cal. Civ. Code § 1788.30 which provides:

(a)     Any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action, and his liability therein to that debtor shall be in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation;

(b)     Any debt collector who willfully and knowingly violates this title with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor only in an individual action, and his additional liability therein to that debtor shall be for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100.00) nor greater than one thousand dollars ($1,000.00).

(c)     In the case of any action to enforce any liability under this title, the prevailing party shall be entitled to costs of the action.  Reasonable attorney's fees, which shall be based on time necessarily expended to enforce the liability, shall be awarded to a prevailing debtor.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Spruce violated Cal. Civ. Code §§ 1788.11(d) and (e);

B.     an award of any actual damages sustained by Plaintiff as a result of Spruce's violation(s);

C.     an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.      an award of costs of this action, together with a reasonable attorney's fee as

determined by this Court; and

E.      an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in

this action so triable of right.

DATED: April 25, 2019                                            Respectfully submitted,

**SHANNON C. WALTON**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
11400 West Olympic Boulevard
Suite 200M
Los Angeles, California 90064
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-mail: nick@wajdalawgroup.com